UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GORILLA POWER, LLC,
GORILLA TOOLS, INC.

                Plaintiffs,                Case No. 18-11293

v                                                      Honorable Thomas L. Ludington

FULLERTON TOOL COMPANY, INC.,
JM LAWSON ASSOCIATES, LLC,

                Defendants.
_____/

**ORDER GRANTING MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT, DENYING MOTION FOR LEAVE TO CONDUCT LIMITED JURISDICTIONAL DISCOVERY, AND DENYING MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT**

On April 25, 2018, Plaintiffs Gorilla Power, LLC and Gorilla Tools, Inc. (collectively "Gorilla") filed a complaint against Defendants Fullerton Tool Company, Inc. ("Fullerton") and JM Lawson Associates, LLC ("Lawson") for patent infringement. ECF No. 1.

Gorilla is a manufacturer of cutting tools in various industries and its complaint centers on Gorilla's patent entitled "Variable Helix Rotary Cutting Tool" and its line of "Sasquatch" end mills that utilize this patent technology. *Id.* at 1–4. Gorilla claims that James M. Lawson (Mr. Lawson) was a paid contractor at Gorilla from September 2012 to September 2016 and sold Gorilla Sasquatch end mills. *Id.* at 5. In 2004, Mr. Lawson formed JM Lawson Associates, LLC, which operates as a manufacturer's representative of industrial and construction products. *Id.* After leaving Gorilla, Lawson began working with Fullerton as Fullerton's manufacturer's representative. *Id.* Gorilla and Fullerton are competitors within the cutting tools market. *Id.* Shortly after Mr. Lawson left Gorilla, Fullerton began producing an end mill that was similar to one of

Gorilla's Sasquatch end mills. *Id.* Lawson marketed Fullerton's end mills to Gorilla's customers. *Id.*

Gorilla's complaint alleges that Fullerton and Lawson Associates have infringed Gorilla's "Variable Helix Rotary Cutting Tool" patent. *Id.* at 2–5. After Gorilla filed its complaint against Defendants, the Court issued a summons for Defendants. ECF Nos. 3, 4. On April 27, 2018, Gorilla served process on Lawson Associates' outside counsel, Michael N. Gilmore of Updike, Kelly & Spellacy, P.C. located in Hartford, Connecticut, who then forwarded the complaint to Mr. Lawson. ECF No. 9; ECF No. 15 at 11; ECF No. 15-2 at ¶8. On May 1, 2018, Mr. Lawson spoke with Fullerton and learned that Fullerton had hired the Michigan law firm, Butzel Long, to represent Fullerton. This led Mr. Lawson to believe that Butzel Long would also be representing Lawson. ECF No. 15 at 11.

On May 10, 2018, Mr. Lawson spoke with Fullerton to receive an update on the complaint. *Id.* at 12. Fullerton explained that it received a thirty day extension to file its answer to Gorilla's complaint. ECF No. 15-2 at 4. This led Mr. Lawson to believe that the extension was also applicable to Lawson's answer to Gorilla's complaint. *Id.* Shortly thereafter, Mr. Lawson instructed Mr. Gilmore to close his file on the Gorilla complaint because according to Mr. Lawson's understanding, Butzel Long was acting as Lawson's counsel for purposes of the case. *Id.*

On May 21, 2018, the Court entered a stipulation and order extending the time for Fullerton to answer Gorilla's complaint. ECF. No. 6. No stipulation and order was requested for a time extension of Lawson's answer. On May 22, 2018, Gorilla filed a request for clerk's entry of default against Lawson. ECF No. 7. The request contained an affidavit by Gorilla's counsel, Joseph Cleveland, stating that the summons and complaint had been served on Lawson. *Id.* The next day,

the clerk entered default against Lawson for "failure to plead or otherwise defend." ECF No. 8. The day after that, Gorilla submitted an Affidavit of Service by the service processor, Sandra Yale, stating that she had served a summons on Lawson on April 27, 2018. ECF No. 9.

On July 11, 2018, Lawson filed a motion to set aside the clerk's entry of default. ECF No. 15. On July 25, 2018, Gorilla filed a motion for leave to conduct limited jurisdiction discovery and for an extension of time to respond to Lawson's motion to set aside the default. ECF No. 21. For the following reasons, Lawson's motion to set aside the clerk's entry of default will be granted and Gorilla's motion for leave to conduct limited jurisdiction discovery will be denied. Gorilla's motion requesting an extension of time to respond to Lawson's motion to set aside the default will be denied as moot.

**I.**

Although Lawson acknowledges that it was served, Gorilla did not file a proof of service prior to seeking Default Judgment. Under Rule 55 of the Federal Rules of Civil Procedure, a clerk must enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by *affidavit or otherwise*." Fed. R. Civ. P. 55(a) (emphasis added). "Affidavit or otherwise" has been interpreted to mean proof of service. *Finley v. Kondaur Capital Corp.*, 909 F.Supp.2d 969, 983–984 (W.D. Tenn. 2012). Proof of service, in turn, must be filed by the process server, not by counsel. Fed. R. Civ. P. 4(l)(1). The affidavit in support of the request for entry of default states that Lawson was served personally on April 27, 2018. ECF No. 7. The affidavit, however, is signed by Gorilla's counsel, Joseph Cleveland. *Id.* Perhaps recognizing this insufficiency, Gorilla filed a proof of service signed by the *process server* on May 23, 2018, one day after the clerk had entered default. ECF No. 9. Because

the default should not have been entered without a proof of service from the process server, the motion to set aside will be granted.

Notably, Lawson did not raise this issue, but focused instead on why it failed to answer and why this Court lacks jurisdiction. ECF No. 15. According to the Sixth Circuit, an entry of default should be set aside when doing so would not prejudice the plaintiff and the defendant has a meritorious defense to plaintiff's complaint. *U.S. v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010). Lawson argues that it has a meritorious defense, specifically that this Court lacks personal and subject matter jurisdiction. ECF No. 15 at 4–11. Lawson claims that it "has never been incorporated in Michigan, has never consented to jurisdiction in Michigan, and has not carried on a 'continuous and systematic part of its general business' in Michigan." ECF No. 15 at 5. Accordingly, Gorilla moves for limited jurisdiction related discovery in order to respond to Lawson's motion to set aside default. ECF No. 21 at 3. Because the motion to set aside default will be granted on unrelated grounds, as set forth above, this request is moot and will be denied.

Accordingly it is **ORDERED**, that the motion to set aside the clerk's entry of default, ECF No. 15, is **GRANTED**.

It is further **ORDERED** that the motion for limited jurisdictional discovery and extension of time to respond to Lawson's motion to set aside, ECF No. 21, is **DENIED**.

Dated: September 6, 2018                              s/Thomas L. Ludington
                                                                            THOMAS L. LUDINGTON
                                                                            United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 6, 2018.

                                        s/Kelly Winslow
                                        KELLY WINSLOW, Case Manager